IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-12-32-D |
| | ) | (No. CIV-16-552-D) |
| ALFRED LYNN HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

### **O R D E R**

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 56].[1] In 2012, Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and received a mandatory prison sentence of fifteen years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Defendant's sentence was affirmed on direct appeal. *See United States v. Hawkins*, 512 F. App'x 746 (10th Cir. 2013). The court of appeals held that his prior conviction of aggravated attempting to elude a police officer in violation of Okla. Stat. tit. 21, § 540A constituted a "violent felony" under the ACCA because it fell within the "residual clause" definition in § 924(e)(2)(B)(ii). *Id.* at 748. By the instant Motion, Defendant asserts a single claim for relief from his ACCA sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), as made retroactive to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016).

---

[1] Although the Motion was filed *pro se*, the Court subsequently appointed counsel to represent Defendant for purposes of the Motion, and Assistant Federal Public Defender Kyle E. Wackenheim entered an appearance on Defendant's behalf.

The government has responded to the Motion by conceding that Defendant's prior § 540A conviction "no longer qualifies as a predicate for a minimum mandatory sentence of fifteen years" following *Johnson* because it "would only qualify as an ACCA predicate under the now-defunct residual clause." *See* Govt's Resp. Br. [Doc. No. 60] pp.1,2. Also, the government admits there are no procedural bars to Defendant's claim. *Id*. p.3. The government suggests that the Court conduct a *de novo* resentencing of Defendant.

Upon consideration, the Court agrees. The Court finds that Defendant is entitled to relief from his 15-year prison sentence in light of *Johnson* and that the appropriate remedy under § 2255(b) is to resentence Defendant. To accomplish this, the Court will direct the probation office to prepare a new presentence investigation report, disclose it to the parties, and submit it to the Court pursuant to Fed. R. Crim. P. 32. When the presentence report has been completed, the parties will be notified of the date and time of a new sentencing hearing.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 56] is GRANTED, as set forth herein. The 180-month prison sentence imposed on September 4, 2012, and set forth in the judgment dated September 6, 2012, is VACATED. The case is referred to the probation office for preparation of a revised presentence investigation report. The Court will set a resentencing hearing as soon as practicable after the presentence report is completed.

IT IS SO ORDERED this 26th day of July, 2016.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE